FILED
SUPERIOR COURT
OF GUAM

2020 JAN 21 PM 1:24

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>JAYSON FRANCISCO SONG,<br><br>Defendant. | CRIMINAL CASE NO. CF0710-16<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 7, 2020, for hearing on Defendant Jayson Francisco Song's ("Defendant") Motion for Judgment of Acquittal. Defendant was present with counsel, Attorney Clyde Lemons, and Assistant Attorney General Woodrow Pengelly was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's Motion for Judgment of Acquittal.

### BACKGROUND

Jury Selection and Trial commenced in this matter on October 9, 2019. At trial, Defendant faced the following charges: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony) – 4 Counts; (2) Second Degree Criminal Sexual Conduct (As a First Degree Felony) – 4 Counts; (3) Delivery of a Schedule II Controlled Substance (As a First Degree Felony) with attached Special Allegation: Delivery of a Controlled Substance to a Minor; (4) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree

Felony); and (5) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Superseding Indictment, Jun. 26, 2017). On November 14, 2019, the jury returned a verdict, finding Defendant guilty of Delivery of a Schedule II Controlled Substance (As a First Degree Felony); Possession of a Schedule II Controlled Substance (As a Third Degree Felony) (*As a Lesser Included Offense to Charge Four – Possession of a Schedule II Controlled Substance with Intent to Deliver*); and Possession of a Schedule II Controlled Substance (As a Third Degree Felony). The jury acquitted Defendant of all counts of First Degree Criminal Sexual Conduct (As a First Degree Felony), all counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony), and the special allegation of Delivery of a Controlled Substance to a Minor attached to Charge Three - Delivery of a Schedule II Controlled Substance (As a First Degree Felony)

On November 20, 2019, Defendant filed the instant Motion for Judgment of Acquittal. On December 11, 2019, the Government filed its Opposition, and on December 13, 2019, Defendant filed his Reply.

On January 7, 2020, the Court heard oral arguments on the motion and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether "the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the

accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

Defendant first argues that he must be acquitted of the offense of Delivery of a Schedule II Controlled Substance because the jury acquitted him of each count of the charges of First and Second Degree Criminal Sexual Conduct, which included the element of occurring under circumstances involving another felony, namely, Delivery of a Schedule II Controlled Substance. *See* Mot. at 1-2, Nov. 20, 2019. Defendant cites to *People v. Waltonen*, 728 N.W.2d 881 (Mich.App. 2006) for support of this proposition. This Court previously adopted the Michigan Court of Appeal's holding in *Waltonen* that consent is not a defense to criminal sexual conduct occurring under circumstances involving another felony, namely, Delivery of a Schedule II Controlled Substance. *See* Dec. & Order at 5-8, Jan. 31, 2018. Defendant argues that the Government must "prove that the alleged acts were directly related to the delivery of a Schedule II Controlled Substance" and that because it "failed to prove to the jury that the defendant delivered a Schedule II Controlled Substance to the victim prior to or after the defendant's alleged sexual conduct (consent was not a defense available to the defendant); the Court must vacate the defendant's conviction for Delivery of a Controlled Substance." (Mot. at 2).

Here, it is clear that the Government must have proven that Defendant committed the offense of Delivery of a Schedule II Controlled Substance in order to prove that Defendant committed the criminal sexual conduct offenses as charged in the Superseding Indictment. The Court, however, does not find that it equally equates that a jury cannot find Defendant guilty of the Delivery of a Schedule II Controlled Substance charge without finding Defendant also guilty of the criminal sexual conduct charges. In *Waltonen*, the Michigan court addressed the applicability of the defense of consent to sexual penetration occurring under circumstances involving the commission of any other felony as well as the nexus required between the sexual penetration and the underlying felony. *See* 728 N.W.2d at 886-90. The Michigan court was focused on the criminal sexual conduct charges and did not separately address the controlled substance counts. Defendant does not present any additional authority to support the argument

that he may not be convicted of the underlying felony charge should he be acquitted of the larger, more serious charge. The Court finds it reasonable that the jury could find Defendant guilty of the Delivery of a Schedule II Controlled Substance charge, and at the same time find him not guilty of the criminal sexual conduct charges.

Defendant next argues that he must be acquitted of the offense of Possession of a Controlled Substance with Intent to Deliver because there was insufficient evidence to support such an offense. *Id.* at 2. As an initial matter, Defendant was found guilty of Possession of a Controlled Substance (*As a Lesser Included Offense to Possession of a Controlled Substance with Intent to Deliver*). Nonetheless, the Court finds that witness testimony at trial provided sufficient evidence to support the guilty verdict rendered by the jury. To find Defendant guilty of the lesser-included offense of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), the Government had to prove beyond a reasonable doubt that Defendant, on or about the 2nd day of November, 2016, in Guam, did unlawfully and knowingly possess a Schedule II Controlled Substance, that is, an amphetamines-based substance.

At trial, the jury heard testimony from Ms. Maria Cepeda that Defendant had called her for a "deal" for ice on November 2, 2016. Ms. Cepeda testified that Defendant gave her $150.00 and she gave him half a gram of ice in a clear plastic baggie in exchange for the money. The victim in this matter, G.A.M. (DOB: 08/08/1999), also testified that when Defendant dropped her back at Guam Premier Outlets, as she got out of the truck he tossed a baggie at her, which she reasonably believed was drugs and threw back at him. The Court finds that a rational trier of fact could have found that the elements of Possession of a Schedule II Controlled Substance were met based on this testimony. The Court will "not substitute its judgment for that of the jury." *People v. Jesus*, 2009 Guam 2 ¶ 61. "It is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Song*, 2012 Guam 21 ¶ 29.

*See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Accordingly, the Court finds that evidence exists supporting the offense of Possession of a Schedule II Controlled Substance, and denies Defendant's Motion for Judgment of Acquittal.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Judgment of Acquittal. Sentencing remains set for January 31, 2020 at 10:00 a.m.

**IT IS SO ORDERED** this 21st day of January, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I ack:.. wledge that a copy of the original hereto was placed in the court box of:

AG Prosecution, Lujan & Wolff

Date: 1/24/20 Time: 1:30 p.m.

Antonio A. Cruz

Deputy Clerk Superior Court of Guam

*People v. Song*
Case No. CF0710-16
Decision and Order